UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| ROBERT L. CLARK, | ) |
| Plaintiff, | ) Case No. 1:11-cv-1255 |
| v. | ) Honorable Joseph G. Scoville |
| COMMISSIONER OF SOCIAL SECURITY, | ) **OPINION** |
| Defendant. | ) |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United States magistrate judge conduct all further proceedings in this case, including entry of final judgment. (docket # 10). The matter is before the court on defendant's motion for summary judgment[1] seeking dismissal of plaintiff's complaint on the ground that it is barred by the statute of limitations. (docket # 5). Defendant's motion for summary judgment will be granted and a judgment entered dismissing plaintiff's complaint with prejudice.

---

[1] On April 12, 2012, the court entered an order converting defendant's motion to dismiss into a motion for summary judgment. (04/12/12 Order, docket # 11).

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The court must draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). FED. R. CIV. P. 56(c)(1). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e)(2), (3); *see Bozung v. Rawson*, 439 F. App'x 513, 518-19 (6th Cir. 2011). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543,

549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, No. 09-1825, __ F.3d __, 2012 WL 1592667, at * 2 (6th Cir. May 8, 2012); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). This higher standard applies to defendant's motion for summary judgment based on the affirmative defense of the statute of limitations.

**Facts**

The following facts are beyond genuine issue. On June 29, 2010, an administrative law judge (ALJ) entered a decision denying plaintiff's claims for DIB and SSI benefits. (docket # 6-2 at ID#s 30-43). On June 1, 2011, the Appeals Council mailed plaintiff a notice of its denial of his request for review of the ALJ's decision. (docket # 6-3, ID#s 48-50). The notice advised plaintiff that he had sixty days within which to file a civil action. (*Id.* at ID# 49). The notice stated, "The 60 days start the day after you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." (*Id.*).

Plaintiff asked the Appeals Council for an extension of time to file a civil action. On October 21, 2011, the Appeals Council granted his request. The Appeals Council stated that it was extending the time within which plaintiff could file a civil action for an additional thirty days, starting from the date he received the October 21, 2011 letter. (docket # 6-4, ID#s 55-56). The letter again specified that the Appeals Council would assume that plaintiff received the letter five days after its October 21, 2011 date, unless plaintiff made a contrary showing. (*Id.* at ID# 55). Plaintiff has not submitted evidence to the court regarding the date he actually received the notice. His thirty-day period within which to file his complaint would have expired on Friday, November 25, 2011, but the court was closed on that date. Thus, Monday, November 28, 2011, was plaintiff's deadline for filing his complaint. The Clerk received the complaint by mail on November 30, 2011.

**Discussion**

Section 205(g) of the Social Security Act creates a right to district court review of final decisions of the Commissioner by a civil action "commenced within sixty days after the mailing

to [the plaintiff] of notice of such decision or within such further time as the Commissioner [] may allow." 42 U.S.C. § 405(g). The time limitation for filing a complaint seeking judicial review of the Commissioner's final administrative decision "is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986). Here, the Commissioner extended plaintiff an additional thirty days starting from the date he received the October 21, 2011 letter. Plaintiff's date of receipt of the notice is presumed to be five days after mailing. *See Cook v. Commissioner*, 480 F.3d 432, 436 (6th Cir. 2007); 20 C.F.R. §§ 404.901, 416.1401, 422.210(c). Plaintiff did not attempt to rebut the presumption that he received the Appeals Council's notice on October 26, 2011. Therefore, he was required to file this lawsuit no later than November 28, 2011. Plaintiff did not file his complaint until November 30, 2011.

Rule 3 of the Federal Rules of Civil Procedure specifies that a civil action "is commenced by filing a complaint with the court." FED. R. CIV. P. 3; *see Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998) ("An individual commences a civil action by filing a complaint with the clerk of the court."); *McIntosh v. Antonio*, 71 F.3d 29, 36-37 (1st Cir. 1995) ("The commencement construct created by the Civil Rules is complete and self-contained, and leaves no room for improvisation."). Plaintiff argues that his complaint "was timely filed under Federal Rule 5(b)(2)(c) wherein a pleading is deemed filed as of the date mailed, also known as the "mailbox rule." (Plf. Brief ¶ 4, docket # 9, ID# 62; *see* Morgan Aff. ¶ 6, docket # 9-2, ID# 72). Plaintiff is incorrect.

"Rule 5(b) governs service, not filing. Filing of papers is governed by Rule 5(d)." *Sandoval v. United States*, No. 00 CIV 1259, 2001 WL 300729, at * 4 (S.D.N.Y. Mar. 28, 2001). Rule 5(b)(2)(c) provides for service of papers by mail. It does not establish a "mailbox rule" for the

filing of a complaint. The "mailbox rule" applies only to prisoners reliant on the institution to mail court papers. *See* FED. R. APP. P. 4(c)(1); *see also Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). "For all other litigants, a paper is filed on the date it is delivered to the clerk of the court." *Trepanier v. City of Blue Island*, 364 F. App'x 260, 261-62 (7th Cir. 2010). Plaintiff cites no legal authority other than Rule 5(b)(2)(c), and he asserts no other basis for relief from the statute of limitations.[2]

Rule 5(d)(2) states that a paper "is filed by delivering it" to the clerk. FED. R. CIV. P. 5(d)(2). Filing occurs when the complaint is delivered into the actual custody of the clerk. *See Perkins v. Social Sec. Admin.*, No. 3:09-cv-52, 2009 WL 2431396, at * 1 n.1 (W.D. Va. Aug. 7, 2009). Plaintiff's counsel could have hand-delivered the complaint to the Clerk's Office in Kalamazoo, but instead mailed the complaint to the Clerk. It did not arrive until after the November 28, 2011 deadline had passed. Mailing papers does not constitute filing. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 604-05 (7th Cir. 2006). "It is well established that when papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of those papers, and that filings reaching the clerk's office after a deadline are untimely, even if they are mailed before the deadline." *Crawford–Mulley v. Corning, Inc.*, 77 F. Supp.2d 366, 368 (W.D.N.Y. 1999); *see Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986); *Perkins v. Social Sec. Admin.*, 2009 WL 2431396, at * 1 n.1; *see also McIntosh v. Antonio*, 71 F.3d at 36-37; *United States*

---

[2]Plaintiff does not claim entitlement to equitable tolling, nor could he on this record. A "garden variety claim of excusable neglect," such as a simple miscalculation that leads a lawyer to miss a filing deadline, "does not warrant equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010); *see Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012) ("Attorney neglect or error does not generally give rise to equitable tolling.").

*v. White*, 980 F.2d 836, 845 (2d Cir. 1992); *accord Adidas Am., Inc. v. Calmese*, 662 F. Supp.2d 1294, 1300 (D. Ore. 2009). Plaintiff's complaint is barred by the statute of limitations.

## **Conclusion**

For the reasons set forth herein, defendant's motion for summary judgment will be granted and judgment will be entered dismissing plaintiff's complaint with prejudice.


Dated: May 18, 2012              /s/ Joseph G. Scoville
                                 United States Magistrate Judge